USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-13-17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTIAN GATON,

           Plaintiff,

- against -

UNITED STATES OF AMERICA,

           Defendant.

OPINION AND ORDER
16-CV-3868 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

On June 30, 2011, Petitioner Christian Gaton ("Gaton") was convicted of discharging a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (Doc. No. 1 at 1.) Gaton filed a motion to vacate, set aside, or correct his sentence on May 24, 2016. (Doc. No. 1.) Defendant United States of America (the "Government") filed a brief in opposition on August 2, 2016. (Doc. No. 7.) Gaton filed a traverse to the Government's brief on September 8, 2016. (Doc. No. 8.) Before the Court is Gaton's motion to supplement or amend his Petition. (Doc. No. 9.) For the reasons that follow, Gaton's motion is **GRANTED**.

## II. BACKGROUND

Gaton originally pled guilty to the crime of Discharge of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924 (j)(1). (*Id.* at 1.) In his current Petition, Gaton asserts several grounds for relief: 1) that pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015), count six of the indictment was unconstitutional; 2) that Gaton's sentence should be corrected or his plea should be withdrawn in light of *Molina-Martinez v. United States*, 136 S.Ct. 1338 (2016) for actual innocence of murder in the first degree and 3) his guilty plea was not made knowingly and voluntarily. (Doc. No. 1 at 1-6).

Gaton asks the Court for leave to file a second or subsequent petition pursuant to 28 U.S.C. § 2255. (Doc. No. 9.) Based on the Supreme Court's decision in *Matthis v. United States*, 136 S.Ct. 2243 (2016), Gaton argues that "a killing under New York Penal Law, §20.00 and § 125.25 is categorically inconsistent with the enumerated elements listed under § 1111 of Title 18 U.S.C." (Doc. No. 9 at 3.) As a result, Gaton argues that his conviction "cannot give rise to the sentence pursuant to § 2A1.1 of the Guidelines, and therefore must be vacated for resentencing." (*Id.*) The Government has not filed an opposition to Gaton's request.

## III. DISCUSSION
### A. Legal Standard

A party may amend its pleading once as a matter of course within twenty-one days after serving it, or twenty-one days after service of a responsive pleading, or after service of a motion under Federal Rules of Civil Procedure 12(b), (e), or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1). Otherwise, a party may amend its pleading with the opposing Party's written consent, or upon leave of the court. FED. R. CIV. P. 15(a)(2). Generally, leave of court to amend pleadings should be freely given "when justice so requires." FED. R. CIV. P. 15(a); *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230 (2d Cir. 1995). The Court may grant an amendment to a pleading that "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." FED. R. CIV. P. 15(c)(1)(B); "Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *Dluhos v. Floating and Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998); *see Cevasco v.*

2

*National R.R. Passenger Corp.*, No. 04 Civ. 5760 (PAC) (GWG), 2007 WL 4440922, at *3 (S.D.N.Y. Dec. 18, 2007) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).

It is well-settled that a complaint filed *pro se* must be liberally construed, and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *Pro se* complaints should be interpreted to raise any claim that they might suggest. *Osby v. City of New York*, No. 14-3556, 2016 WL 403410 *2 n. 1 (2d Cir. Feb. 3, 2016); *see also Washington v. Reilly*, 226 F.R.D. 170 (E.D.N.Y. 2005) (holding that the Court must read Plaintiff's *pro se* Amended Complaint liberally because *pro se* litigants are afforded a "wide degree of latitude with regard to their submissions. . .") (citing *Soto v. Walker*, 44 F.3d 169, 173) (2d Cir. 1995) (internal quotations omitted))); *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984) ("A *pro se* plaintiff who brings a civil action should be 'fairly freely' afforded an opportunity to amend his [C]omplaint. . .") (internal citations omitted)).

### B. Gaton is entitled to amend his pleading.

Gaton's original motion to vacate his sentence was filed May 24, 2016 and his motion to amend his petition was filed February 22, 2017, approximately nine months later. (Doc. No. 1.) Thus, Gaton is not entitled to an amendment as a matter of course pursuant to Rule 15(a)(1). As the Government has neither written in support or in opposition to Gaton's motion, the Court must consider whether Gaton's proposed amendment is in the interests of justice.

Gaton's first ground for habeas corpus is essentially that the Supreme Court's rationale in *Johnson* should be applied to the statute under which he has been convicted. In *Johnson*, the Supreme Court struck down the "residual clause" of § 924(e)(2)(B), which defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year,

3

that…(ii)…*otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C.§ 924(e)(2)(B) (residual clause in italics). *Johnson*, 136 S.Ct at 2563. The Supreme Court found that a conviction under the residual clause violates an individual's right to Due Process because of the clause's vagueness. *Id.* at 2557.

Upon pleading guilty to Count Six of the indictment, Gaton was convicted of 18 U.S.C. § 924(j)(1) and received a sentence of 405 months. (Doc. No. 1 at 1.) Section 924(j)(1) states that "[a] person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm shall—(1) if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life." Generally, subsection (c) defines the sentence for a person who commits a crime of violence or drug trafficking crime while carrying a firearm. 18 U.S.C § 924(c)(1)(A). Subsection (c)(3) goes on to identify two separate definitions of a "crime of violence," one of which includes a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another." It is this definition of "crime of violence," that Gaton argues is unconstitutional pursuant to the Supreme Court's rationale in *Johnson*.

Gaton's first ground for habeas corpus essentially asks the Court to apply the rationale of *Johnson* in striking down § 924(e)'s residual clause for its unconstitutional vagueness, to find that § 924(c)'s definition of "crime of violence" is similarly vague and thus a sentence imposed on him pursuant to that statute is unconstitutional. (Doc. No. 1 at 4.) Gaton specifically argues that the "crime of violence" definition violated his Due Process rights because his "predicate act," conspiracy to distribute narcotics, lacks the required "element [of] use, attempted use, [or] threaten[ed] use of physical force." (*Id.*)

4

Gaton seeks to amend or supplement his petition to include the Supreme Court's recent holding in *Mathis v. U.S.*, 136 S.Ct. 2243 (2016) regarding its interpretation of predicate acts under the Armed Career Criminal Act ("ACCA"). *See* (Doc. No. 9 at 1-3). On several occasions, the Supreme Court has held that "the prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than those of the generic offense." *Mathis*, 126 S.Ct. at 2247. In *Mathis* the Supreme Court considered whether an exception existed for "a statute that lists multiple, alternative means of satisfying one (or more) of its elements." (*Id.* at 2248.) The Supreme Court rejected the proposed exception, stating that "[courts] may not ask whether the Defendant's conduct—his particular means of committing the crime—falls within the generic definition. And that rule does not change when a statute happens to list alternative means of commission." *Id.* at 2257.

By incorporating *Mathis*'s rationale into his petition, Gaton seeks to expound on the alleged unconstitutionality of his sentence because of New York's definition of conspiracy to distribute narcotics, as compared to the generic offense. Thus, Gaton's request to amend his petition by adding a ground pursuant to *Mathis* is merely an extension of his first ground for habeas pursuant to *Johnson*. The Court finds that Gaton's proposed amendment to add a ground pursuant to *Mathis* relates back to his first basis for habeas corpus and is therefore a proper basis for an amended petition.

The Court notes that an amended petition will inevitably contribute to some delay as the the original petition was filed in May 2016 and the Government has already filed its opposition. "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Retirement Bd.*, 654 F.2d at

5

856; *see also Cevasco*, 2007 WL 4440922, at *3. Given that there has been no discovery and no trial is anticipated in this matter, the Court finds that the Government is not prejudiced by Gaton's proposed amendment. *State Teachers Retirement Bd.*, 654 F.2d at 856 (granting an amendment after finding that the amended complaint would not result in much additional new discovery or "new problems of proof.")

While the Court will permit Gaton to amend his petition, the Court does not opine on the the sufficiency of his original petition or of the merits of his position.

### IV. CONCLUSION

Based on the foregoing, Gaton's motion to amend his Complaint is **GRANTED**.

**IT IS HEREBY ORDERED** that Gaton amend his Complaint on or before **October 16, 2017**. The Government shall respond on or before **October 30, 2017**. Gaton's reply, if any, shall be due on or before **November 13, 2017**.

SO ORDERED this 13 th day of September 2017.
New York, New York

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

**MAILED BY CHAMBERS**

6