UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/6/2018

Gaton,

                   Petitioner,

-against-

United States of America,

                   Respondent.

1:16-cv-03868 (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

**INTRODUCTION**

Christian Gaton ("Gaton"), who is currently incarcerated at Federal Correctional Institution-Allenwood, moves to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, on the bases that: (1) his guilty plea should be withdrawn pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), which he argues rendered the count to which he pleaded guilty unconstitutional; (2) the sentencing court erred when determining his base offense level, and therefore his sentence should be corrected in light of the Supreme Court's decision in *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016); (3) his guilty plea was not made knowingly and voluntarily; and (4) his conviction is unconstitutional in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), because "the offense of conspiracy" does not support his conviction. (Mot., ECF No. 1 at 4-6 ("Mot."); Amend., ECF No. 15.)[1] For the reasons set forth in this Opinion and Order, Gaton's motion is DENIED.

---

[1] Relevant documents have been filed on the docket both in this case and in Gaton's criminal case, Case No. 02-CR-401. All references to ECF docket entries refer to the docket in this case, unless otherwise indicated by reference to the 02-CR-401 case number.

# BACKGROUND

I. **Charges, Guilty Plea And Sentencing**

On November 16, 2005, Gaton (as one of multiple defendants), was charged in eight counts of an eleven-count indictment. (Superseding Indictment, 02-CR-401, ECF No. 61.) The indictment included charges for acts of narcotics trafficking, money laundering and murder. (Resp't Mem. of L. in Opp., ECF No. 7, at 2.)

Gaton entered into a Plea Agreement with the Office of the United States Attorney for the Southern District of New York (the "Government") on November 6, 2008. (*See* Plea Agreement, Ex. A to Resp't Mem. of L. in Opp., ECF No. 7-1.) Under the terms of the Plea Agreement, Gaton agreed to plead guilty to Count Six of the indictment, which charged him with "using, carrying, possessing, and discharging a firearm during and in relation to a crime of violence and a drug trafficking crime, and aiding and abetting the same, thereby causing [] death . . . through the use of a firearm," in violation of 18 U.S.C. § 924(j). (Plea Agreement at 1.) In exchange for Gaton's plea, the Government stated it would not further criminally prosecute Gaton for the conduct charged in Count Six, and agreed to move to dismiss any open counts against Gaton at his sentencing. (*Id.*)

Under the terms of the Plea Agreement, Gaton and the Government stipulated to the applicable offense level of 43, but also to a two-level reduction and additional one-level reduction, to an offense level of 40, under the United States Sentencing Guidelines ("Sentencing Guidelines"). (*Id.* at 2.) They also agreed to a stipulated sentencing range of 324 to 405 months under the Sentencing Guidelines (the "Stipulated Guidelines Range"). (*Id.*) Gaton and the Government further agreed that a departure from the Stipulated Guidelines Range was not

warranted, and that a sentence within the range would constitute a reasonable sentence. (*Id.* at 3, 4.) Moreover, Gaton waived his right to file a direct appeal or litigate under 28 U.S.C. § 2255 "any sentence within or below the Stipulated Guidelines Range" of 324 to 405 months. (*Id.* at 5.)

On July 16, 2009, in accordance with the Plea Agreement, Gaton pleaded guilty to Count Six of the indictment. (7/16/09 Minute Entry, 02-CR-401; *see also* Plea Tr., Ex. B to Resp't Mem. of L. in Opp., ECF No. 7-2.) During Gaton's plea, Magistrate Judge Francis (to whom Gaton had consented to taking his plea) confirmed that Gaton was pleading guilty to Count Six of the indictment. (Plea Tr. at 2, 6-7.) Gaton stated that he understood that, if he was sentenced within the Stipulated Guidelines Range (324 to 405 months), such a sentence was reasonable, and he could not appeal or otherwise challenge that sentence. (*Id.* at 11.)

Judge Francis confirmed that Gaton understood that the Government would have to prove the following elements of his crime at a trial: that Gaton used, carried and possessed a firearm; that he did so during and in relation to a crime of violence and a drug trafficking crime; that he caused the death of a person through the use of that firearm; that the death qualified as a murder; and that Gaton acted knowingly, unlawfully and willfully. (*Id.* at 12.) When asked if his guilty plea was voluntary and made of his own free will, Gaton answered "Yes, sir." (*Id.*) Gaton then allocuted to the Court, describing, in his own words, his crime. (*Id.* at 13.) At the conclusion of the proceeding, Judge Francis said he was "satisfied" that Gaton's plea was knowing and voluntary. (*Id.* at 14.)

Gaton appeared before District Judge Wood for sentencing on June 29, 2011. (6/29/11 Minute Entry, 02-CR-401; *see also* Sentencing Tr., Ex. C to Resp't Mem. of L. in Opp., ECF No. 7-3.) Judge Wood sentenced Gaton within the Stipulated Guidelines Range to 405 months'

3

imprisonment. (*Id.*) District Judge Wood reminded Gaton that, as part of his Plea Agreement, he had waived his appeal rights, and that such waivers are generally enforceable. (Sentencing Tr. at 24.) At the sentencing hearing, the Government moved to dismiss all other underlying charges against Gaton, and Judge Wood granted the motion. (Sentencing Tr. at 23; *see also* 6/30/11 Docket Entry, 02-CR-401.)

II. **The Instant Motion**

On May 24, 2016, Gaton, acting *pro se*, filed the pending motion, pursuant to 28 U.S.C. § 2255. (*See* Mot.) The Government filed its opposition on August 4, 2016. (*See* Resp't Mem. of L. in Opp.) Approximately thirty days later, on September 8, 2016, Gaton submitted a response to the Government's opposition. (Traverse,[2] ECF No. 8.) Subsequently, Gaton sought, and was granted, leave to amend his motion. (*See* ECF Nos. 9-11.) Gaton submitted an amendment to his motion in January 2018. (*See* ECF Nos. 15-16.) The Government responded to the amended motion on February 28, 2018. (Resp't Mem. of L. in Opp. to Am. Mot., ECF No. 18.) Gaton did not submit a reply, and the deadline to do so has passed.[3]

**DISCUSSION**

I. **Legal Standard**

28 U.S.C. § 2255 provides in relevant part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed

---

[2] The Court treats Gaton's filing entitled "Traverse," which was submitted in response to the Government's opposition, as his Reply.

[3] On May 11, 2018, Gaton submitted a motion to "unstay" (although the case was not previously stayed) and requested that the case proceed on the merits. (ECF No. 21.) By Order dated May 24, 2018, the Court gave Gaton until July 16, 2018 to file any reply, "after which time the Court will proceed with this case on the merits." (ECF No. 22.)

4

in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Relief under § 2255 is generally available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). On a motion made pursuant to 28 U.S.C. § 2255, the movant bears the burden of proof by a preponderance of the evidence. *See Cruz v. United States*, No. 05-CV-6477 (NRB), 2007 WL 541698, at *2 (S.D.N.Y. Feb. 20, 2007) (citing *Chang v. United States*, 250 F.3d 79, 85 (2d Cir. 2001) and *Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000)).

A court must construe a *pro se* litigant's submissions liberally. *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (internal quotation marks omitted). This principle applies to *pro se* litigants who move pursuant to 28 U.S.C. § 2255. *See Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). However, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks omitted).

II.    **Analysis**

    A.  **Gaton Waived The Right To Bring This Motion Under Section 2255**

        1.    **Legal Standard**

"Waivers of the right to appeal a sentence are presumptively enforceable." *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010) (citing *United States v. Gomez-Perez*, 215 F.3d 315, 319

(2d Cir. 2000)). The Second Circuit routinely has upheld appellate waivers, finding them "unenforceable only in very limited situations." *Id.* Similarly, "[a] knowing and voluntary waiver of the right to litigate pursuant to Section 2255 is also valid and enforceable." *United States v. Martinez*, No. 13-CV-3454 (KMK), 2014 WL 7146846, at *5 (S.D.N.Y. Dec. 12, 2014); *see also Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195 (2d Cir. 2002) ("There is no general bar to a waiver of collateral attack rights in a plea agreement"); *Russo v. United States*, 313 F. Supp. 2d 263, 265 (S.D.N.Y. 2004) ("The [Second] Circuit has specifically held that a waiver of a right to appeal in a plea agreement includes a waiver of a right to file at § 2255 petition challenging his or her sentence") (citing *United States v. Pipitone*, 67 F. 3d 34, 39 (2d Cir. 1995)). This is because "[i]n no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." *United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993); *see also United States v. Blackwell*, 651 F. App'x 8, 10 (2d Cir. 2016) (summary order) ("[b]ecause [defendant]'s sentence conformed to his plea agreement, he received the benefit of that agreement and he has waived any challenge to his sentence on the basis of *Johnson*.")

"Where the record reveals that the waiver was knowing and voluntary . . . the waiver should be enforced." *Muniz v. United States,* 360 F. Supp. 2d 574, 577 (S.D.N.Y. 2005) (citing *United States v. Monzon*, 359 F.3d 110, 119 (2d Cir. 2004)). A court will look to the questioning at the plea allocution to determine whether the waiver was knowing and voluntary. *See United States v. Tang,* 214 F.3d 365, 367 (2d Cir. 2000). "An enforceable waiver bars claims based on

grounds that arose after, as well as before, the agreement was signed." *Muniz*, 360 F. Supp. 2d at 577 (citing *Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001)). "Where a defendant knowingly and voluntarily waives his right to appeal [or bring a collateral challenge] if his sentence falls at or below a stipulated range pursuant to the plain language of a plea agreement, a challenge to the sentence must be dismissed." *Flamenco v. United States*, No. 11-CV-633, 2014 WL 775000, at *3 (E.D.N.Y. Feb. 24, 2014).

### 2. **Application**

The Government persuasively asserts in opposition to Gaton's motion that Gaton waived his right to challenge his sentence under 28 U.S.C. § 2255. (Resp't Mem. of L. in Opp. at 6-9.) Gaton seems to attempt to argue for the first time on Reply that his waiver was uninformed or involuntary;[4] however, the record does not so support his claim.

Gaton unequivocally waived his right to file this motion. First, pursuant to the Plea Agreement, Gaton agreed to "not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range set forth above (324 to 405 months)."[5] (Plea Agreement at 4.) Next, the waiver was specifically discussed at both Gaton's plea allocation and sentencing: when taking Gaton's plea, Magistrate Judge Francis asked him if he understood that he could "not appeal or otherwise challenge" a sentence within or below the Guidelines range set forth in the Plea Agreement, and

---

[4] Specifically, Gaton states that he was not "adequately informed of the dangers and disadvantages of proceeding" because "the waiver provision of his plea agreement did not include newly recognized rights by the Supr[e]me Court's made retroactive to cases on collateral review." (Traverse at 2-3.) That language, however, corresponds to language in § 2255(f)(3), concerning the one-year limitations period which applies to federal habeas actions, not waivers of the right to collaterally attack a conviction or sentence.

[5] At Gaton's plea allocation, the Court asked Gaton whether the plea agreement had been translated for him, and whether he understood and signed it; Gaton answered "[y]es, sir." (Plea Tr. at 11.)

7

Gaton answered "[y]es, sir." (Plea Tr. at 11.) At Gaton's sentencing, District Judge Wood stated that, while a defendant has a "statutory right to appeal [his] sentence under certain circumstances[,] a defendant may waive those rights as part of a plea agreement," and that Gaton in fact had "entered into a plea agreement which waive[d] some or all of [his] rights to appeal the sentence itself." (Sentencing Tr. at 24.) At both proceedings, Gaton did not contest his understanding of the waiver. At his sentencing, Gaton was sentenced to a term of 405 months' imprisonment, which was in fact within the Stipulated Guidelines Range of 324 to 405 months.

Gaton secured significant benefits from the Plea Agreement, which did not require him to plead guilty to multiple other counts, including, *e.g.*, a racketeering count, a narcotics conspiracy count and money laundering counts. (Sentencing Tr. at 16.) Having gained the benefit of the bargain, Gaton cannot now collaterally attack the conditions on which that benefit was premised. Thus, because the terms in the Plea Agreement are enforceable, Gaton's knowing and voluntary waiver of his right to bring a collateral attack is enforceable and is a bar to his motion.

### B. In Any Event, The Claims Are Meritless

Even assuming that Gaton's claims were not barred by his waiver (which they are), the Court finds that his claims fail on the merits.

#### 1. Gaton's Plea Was Made Knowingly And Voluntarily

Gaton argues that his plea was not made knowingly and voluntarily and he should be permitted to withdraw it on the basis that "neither the counsel nor the Court informed him that the crime of conspiracy lacked as an element the use, attempt[ed] use, or threaten[ed] use of physical force necessary to support § 924(c)'s definition of a crime of violence or a drug trafficking

8

crime, nor that conspiracy does not require any particular overt act to be found guilty of such a crime." (Mot. at 6.) The Court finds that Gaton's argument lacks merit.

A guilty plea is valid and enforceable when it constitutes a knowing and voluntary plea under the law applicable at that time. *See Brady v. United States*, 397 U.S. 742, 757 (1970). As with any inquiry into whether a plea was knowing and voluntary, a defendant's sworn statements in open court are presumed to be true; "[a] defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." *United States v. Torres,* 129 F.3d 710, 715 (2d Cir. 1997) (refusing to permit defendant to withdraw guilty plea when defendant's statements made at plea allocution showed that plea was knowing and voluntary) (citing *Blackledge v. Allison,* 431 U.S. 63, 74 (1977)). A defendant's statements made at a plea allocution "carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74. "Absent credible reasons for rejecting appellant's statements, [such statements] establish that the plea was entered knowingly and voluntarily." *United States v. Arias*, 166 F.3d 1201, 1201 (2d Cir. 1998).

Gaton does not point to any evidence suggesting that his plea was uninformed or involuntary, and his sworn testimony from his plea allocution does not support such a finding. During his plea, the Court asked specific questions to ensure Gaton knew the charge to which Gaton was pleading, and any penalties or consequences to pleading guilty thereto. (Plea Tr. at 6-7.) When asked whether he understood that he had the right to plead not guilty and the right to a jury trial, he answered "yes." (*Id.* at 8.) When asked whether he understood the nature of the charges to which he was pleading guilty, he answered "yes." (*Id.* at 9.) Gaton again answered "yes" when asked if he understood the range of penalties (including the maximum sentence) he

9

would receive on the basis of his plea. (*Id.*) After all of these questions, when asked whether he still wished to plead guilty, Gaton answered "yes."[6] (*Id.* at 10.) Finally, when asked whether his plea was voluntary and made of his own free will, Gaton affirmatively answered "[y]es, sir." (*Id.* at 12.) At the conclusion of the plea hearing, Magistrate Judge Francis concluded that Gaton "understands the nature of the charge against him and the consequences of a plea of guilty," and "that the plea is voluntary and knowing and that there is a factual basis for it." (*Id.* at 14.)

At his plea allocution, the Government, at Magistrate Judge Francis's request, recited the elements of the count to which Gaton was pleading guilty. (Plea Tr. at 12.) Further, the record of Gaton's plea agreement and plea allocution establishes conclusively that Gaton was made fully aware of the charges against him and that he had reviewed the charges and the plea agreement before pleading guilty. Gaton's purported knowledge, or lack of knowledge, regarding the elements of the "crime of conspiracy," to which he did not plead guilty, is not relevant, and therefore did not render his plea unknowing or involuntary.

### 2. **Gaton's Challenge Under *Johnson* Fails**

Gaton claims that his guilty plea should be withdrawn (or his conviction vacated) "and the firearm count be dismissed," pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), because, he argues, *Johnson* renders unconstitutional the count to which Gaton pleaded guilty. (Mot. at 5.) Specifically, he alleges that *Johnson* invalidated the so-called "force clause" contained in Section 924(c) of Title 18 of the United States Code and thus, his conviction under Section

---

[6] Moreover, when asked whether any threats had been made to influence him to plead guilty, he answered "no." (*Id.* at 10.)

924(j), which was based on conduct under Section 924(c), is unconstitutional. (*Id.*) The Court finds Gaton's argument unavailing.

Section 924(c) provides for enhanced punishment of those who, *inter alia*, use or carry a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). The statute defines "crime of violence" as an offense that is a felony and either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (§ 924 (c)(3)(A) (the so-called "force clause")) or "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B) (the so-called "risk-of-force" clause).

*Johnson* in no way disturbs Gaton's conviction. In *Johnson*, the Supreme Court struck down as unconstitutional the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), which defined the term "violent felony." *See Johnson*, 135 S. Ct. at 2557, 2563; 18 U.S.C. § 924(e)(2)(B). Gaton argues that similar clauses in other statutes, such as the force clause in Section 924(c), are similarly voided. However, the Second Circuit expressly has declined to extend *Johnson*'s reasoning to find the risk-of-force clause unconstitutionally vague, *see United States v. Hill*, 890 F.3d 51, n.2 (2d Cir. 2018) ("[W]e proceed no further and express no view as to whether the risk-of-force clause is void for vagueness") (internal quotation marks and citation omitted), and Gaton presents no authority that the force clause is unconstitutional under *Johnson*. In any event, Gaton's conviction was based on a crime of possession of a firearm in relation to a drug trafficking crime under Section 924(c)(2), and a crime of violence under the force clause, neither of which crime was disrupted by *Johnson*. Since *Johnson* did not impact either crime, Gaton's claim cannot be afforded relief.

### 3. Gaton's Challenge Under *Molina-Martinez* Fails

Gaton challenges the base offense level (which he identifies as 43) assigned to him during sentencing and seeks relief, under *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), in the form of a downward departure of the base offense level, or to withdraw his plea. (Mot. at 6.) Specifically, he argues that the correct applicable base offense level was 35 (38 with a three-point departure). (*Id.*) The Court also denies this challenge.

First, according to Gaton's plea agreement, although the assigned base offense level was 43, the applicable Guidelines offense level stipulated to by the parties included a two-level reduction and an additional one-level reduction, to 40. (*See* Plea Agreement at 2 ("the applicable Guidelines offense level is 40")). Further, the sentencing court used 40 as the applicable offense level. (Sentencing Tr. at 21 ("I agree with the parties that the figures in the plea agreement is correct. Mr. Gaton's total offense level is 40[.]")) Thus, Gaton simply is in error when he states that an offense level of 43 was applied to him.

Next, setting aside his error, Gaton's reliance on *Molina-Martinez* is misplaced. That case holds that, where a defendant's Sentencing Guidelines range was erroneously calculated, and where the error was not preserved, the defendant is not required to provide additional evidence in order to demonstrate that the error affected his substantial rights. *Molina-Martinez*, 136 S. Ct. at 1345. Here, there was no error in the Court's calculation. Furthermore, the parties stipulated to a base offense level of 43, and applicable Guidelines offense level of 40, under Gaton's Plea Agreement. (Plea Agreement at 2.) Having so stipulated, and having received significant consideration in exchange for his guilty plea, he may not now contest the Guidelines range.

Lastly, it is unclear whether Gaton attempts to bring a claim for actual innocence attendant to his claim under *Molina-Martinez*. To the extent he does so, this claim also fails. Gaton states that he "is actually innocent of first degree premeditated murder for the purpose of a base offense level 43" and suggests he should be permitted to withdraw his plea "for actual innocence of murder in the first degree." (Mot. at 6.) Importantly, Gaton does not argue that he is actually innocent of the conduct underlying his conviction, but that he is actually innocent of first degree murder, and his conduct more accurately falls under the category of second degree murder. *(Id.)* Such an argument does not provide Gaton a basis for relief. Moreover, although "actual innocence" is a circumstance that enables habeas petitioners to overcome procedural bars to consideration of the merits of their constitutional claims, and allows them to bypass the one-year limitations period for federal habeas petitions, *see Spells v. United States*, Case Nos. 14-CV-3774 (PKC), 04-CR-1304 (PKC), 2014 WL 5520691, at *2 (S.D.N.Y. Oct. 29, 2014), it is not a separate ground for habeas relief. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" when habeas claim is otherwise subject to dismissal due to expiration of statute of limitations); *Koehn v. United States*, No. 15-CV-984S and 10-CR-264S, 2018 WL 5299812, at *3 (S.D.N.Y. Oct. 25, 2018) ("Petitioner may not rely on a claim of actual innocence to overcome the collateral-attack waiver in his plea agreement.").

### 4. Gaton's Challenge Under *Mathis* Fails

Gaton argues that his conviction is unconstitutional under *Mathis v. United States*, 136 S. Ct. 2243 (2016), "because the offense of conspiracy does not constitute a violent crime nor controlled substance offense." (Amend. at 1.) This claim fails.

Gaton's reliance on *Mathis* is misplaced, as *Mathis* has no application to Gaton's conviction. *Mathis* relates to the treatment of prior convictions and whether such convictions properly give rise to an ACCA sentencing enhancement for a subsequent offense. In *Mathis*, the Supreme Court held that a prior conviction does not qualify as a predicate offense under the ACCA, unless "its elements are the same as, or narrower than, those of the generic offense." *Mathis*, 136 S. Ct. at 2247, 2257. Gaton did not receive an ACCA sentencing enhancement, so there is no relevant ACCA predicate offense to which to apply the rationale of *Mathis*. Furthermore, because *Mathis* applies to prior convictions, and the argument in Gaton's amended motion relates only to the instant conviction, his argument fails.

### C. Any Claims For Ineffective Assistance Of Counsel Are Dismissed

In his motion, in response to a question inquiring whether he raised his claim under *Molina-Martinez* on direct appeal, Gaton answered "No." (Mot. at 6.) In response to a follow-up question asking him to "explain why" the claim was not raised on direct appeal, he answered "Ineffective Assistance of Counsel." (*Id.*) Gaton provides no further details, and it is unclear whether he intends to raise a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). Nevertheless, any ineffective assistance claim fails. Under *Strickland*, Gaton must show that: (1) defense counsel's performance was objectively unreasonable, and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687-88; *see also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (*Strickland* test applies to challenges to guilty pleas). The petitioner has the burden of establishing both elements of the *Strickland* test. *Strickland*, 466 U.S. at 689. In order for a claim of ineffective assistance of counsel to survive a waiver of appellate rights or the right to collaterally attack a sentence under § 2255, the claim

must "relate[ ] to the negotiation and entry of the plea agreement." *Herrera-Gomez v. United States*, Nos. 08-CV-7299 (JGK), 05-CR-495(JGK), 2009 WL 4279439, at *4 (S.D.N.Y. Dec. 1, 2009) (internal brackets omitted) (quoting *United States v. Owolabi*, Nos. 07-CV-9487(DC), 04-CR-1316 (DC), 2008 WL 1809180, at *2 (S.D.N.Y. Apr. 18, 2008)). Here, Gaton does not challenge any conduct by counsel relating to the negotiation and entry of his plea agreement.

Next, in his Reply, Gaton asserts that, if his waiver of the right to challenge his sentence would have contained a provision concerning "newly recognized rights by the Supr[e]me Court's made retroactive to cases on collateral review," there is a reasonable probability that he "would have rejected the plea offer and proceeded to trial, but for Counsel's advice," citing *Strickland*. (Traverse at 3.) He provides no further details on this claim, nor does he use the term "ineffective assistance of counsel," so it is unclear whether he intends to bring a claim for ineffective assistance. Nevertheless, even if he does, this claim too must fail. First, as discussed *supra* at n. 4, such language does not apply to waivers the right to collaterally attack, but instead applies to the timeliness provisions of bringing a motion under § 2255. Additionally, even if such language did apply, Gaton has provided no information to even suggest that his counsel acted objectively unreasonably, nor that he suffered prejudice as a result.

Any arguments raised by the parties but not specifically addressed herein have been considered and rejected by the Court.

## **CONCLUSION**

Having carefully considered Gaton's claims, his § 2255 motion is DENIED. The Court declines to issue a certificate of appealability as Gaton has not "made a substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253. Thus, it is hereby ORDERED that the Clerk of Court mail a copy of this Opinion and Order to the *pro se* Petitioner and close this case.

**SO ORDERED.**

DATED: New York, New York
November 6, 2018

_____
STEWART D. AARON
United States Magistrate Judge